■ STEPHEN E. FEDEROWICZ, Respondent, v. POTOMAC INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA et al., Appellants.— Judgment and order affirmed, with costs. All concur, except Williams, P. J., who dissents and votes for reversal and dismissal of the complaint in the following memorandum: This is the second time that this case has been before this court (Federowicz v. Potomac Ins. Co., 7 A D 2d 330). In our first decision a majority opinion was written by Justice BASTOW and I wrote a separate concurring opinion in which I disagreed with my associates as to the theory pertaining to the quantum of plaintiff's financial loss. Although the case is not before us in precisely the same posture as formerly, in my opinion the question of law relating to the amount of recovery has been sufficiently preserved. It would serve no useful purpose to restate my position. The Trial Justice submitted the question of insurable interest to the jury but then charged that if the plaintiff had an insurable interest " then he is entitled to recover the value of the building without regard to the fact that he might shortly thereafter have to remove it." A request to charge that the greatest right that plaintiff had was to enter, demolish the building and take the salvage, was refused with an exception. This in my

opinion substantially saves the point upon which I previously differed from my colleagues. Accepting the facts most favorable to the plaintiff, the only interest he had in the building at the time of the fire was a limited right to remove but there was undisputed testimony that the cost of removal was greater than the salvage value — in other words, that the plaintiff had neither an insurable interest nor a financial interest in the property. He had no right to use it, to lease it, to sublease it, or even to allow it to remain where it was. He was not a lessee or even a tenant at will. There is no point in reviewing the authorities. I might say that since our decision, the prevailing and dissenting opinions have received attention in law reviews and publications (35 N. Y. U. L. Rev., p. 414, 416–419; 58 Michigan L. Rev., pp. 592–593; 28 Fordham L. Rev. 375–378; Insurance L. J., No. 444, Jan., 1960, pp. 13, 14). (Appeal from judgment and order of Erie Special Term for plaintiff in an action under fire insurance policies. The order denied a motion for a new trial.) Present - Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.